IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETSY CRUZ, individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) CLEARVIEW ENERGY, ) ) Defendant. ) | Case No. 1:19-cv-06798 |

## **DEFENDANT CLEARVIEW'S ANSWER TO COMPLAINT**

Defendant CLEARVIEW ELECTRIC, INC., incorrectly named as "Clearview Energy," ("Clearview") submits the following Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint ("Complaint"):

## **NATURE OF THE ACTION**

1. Plaintiff brings this action seeking damages as well as injunctive relief for the Defendant's violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

**ANSWER:** Paragraph 1 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied. In particular, Clearview denies that it placed any telephone calls to Plaintiff.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Clearview admits the allegations in Paragraph 2.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:** Clearview admits the allegations in Paragraph 3.

## PARTIES

4. BETSY CRUZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Villa Park, Illinois.

**ANSWER:** Clearview lacks sufficient information to respond to the allegations in Paragraph 4. To the extent a response is required, the allegations are denied.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Clearview admits the allegations in Paragraph 5.

6. CLEARVIEW ENERGY ("Defendant") is a foreign corporation with its principal place of business located in Dallas, Texas.

**ANSWER:** Clearview admits that it is a Texas corporation and is located in Dallas, Texas. Otherwise, the allegations in Paragraph 6 are denied.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Clearview admits the allegations in Paragraph 7.

## GENERAL ALLEGATIONS

8. Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

**ANSWER:** Clearview admits that it develops marketing campaigns. Clearview denies the remaining allegations in Paragraph 8.

9. Defendant utilizes third party vendors to market it services.

**ANSWER:** Clearview denies that it used multiple third-party vendors to market it services during the time period at issue in the Complaint. Clearview admits that it utilized one third party vendor during October of 2019 but that the vendor did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place a telephone call to anyone named Betsy Cruz during October of 2019; and did not place a telephone call to anyone in

Illinois with a telephone number ending in 3272 in October of 2019. Clearview denies the remaining allegations in Paragraph 9.

      10.    Defendant's vendors are essential to their telemarketing activities.

**ANSWER:** Clearview denies that it used multiple third-party vendors to market it services during the time period at issue in the Complaint. Clearview admits that it utilized one third party vendor during October of 2019, and that the vendor engaged in telemarketing on behalf of Clearview. However, Clearview's vendor did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place a telephone call to anyone named Betsy Cruz during October of 2019; and did not place a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview denies the remaining allegations in Paragraph 10.

      11.    Defendant's ability to increase revenues depends significantly on their access to high-quality vendors.

**ANSWER:** Clearview denies that it used multiple third-party vendors to market it services during the time period at issue in the Complaint. Clearview admits that it utilized one third-party vendor during October of 2019. Clearview denies the remaining allegations in Paragraph 11.

      12.    Defendant is subject to liability under the TCPA for actions of their third party vendors who are engaging in outbound telemarketing efforts on their behalf.

**ANSWER:** Paragraph 12 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

      13.    Defendant's third party vendors identify themselves as representatives of "Clearview Energy."

**ANSWER:** Clearview denies that it used multiple third-party vendors to market it services during the time period at issue in the Complaint. Clearview admits that it utilized one third-party

vendor during October of 2019 and that said vendor would identify itself as a representative of "Clearview Energy." However, Clearview's vendor did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place a telephone call to anyone named Betsy Cruz during October of 2019; and did not place a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview denies the remaining allegations in Paragraph 13.

14. Upon information and belief, Defendant's outbound telemarketing efforts include the use of an automated telephone dialing system ("ATDS") to solicit consumers nationwide.

**ANSWER:** Clearview denies the allegations in Paragraph 14.

15. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

**ANSWER:** Paragraph 15 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

16. The technology employed by Defendant has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

**ANSWER:** Clearview denies the allegations in Paragraph 16.

17. An ATDS allows its telemarketing agents to only communicate with consumers who answer their phone.

**ANSWER:** Paragraph 17 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

18. Consequently, Defendant shifts the burden of wasted time to consumers with unsolicited calls and messages.

**ANSWER:** Clearview denies the allegations in Paragraph 18.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3272.

**ANSWER:** Clearview lacks sufficient information to respond to the allegations in Paragraph 19. To the extent a response is required, the allegations are denied.

20. At all times relevant, Plaintiff's number ending in 3272 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Clearview lacks sufficient information to respond to the allegations in Paragraph 20. To the extent a response is required, the allegations are denied.

21. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

**ANSWER:** Clearview lacks sufficient information to respond to the allegations in Paragraph 21. To the extent a response is required, the allegations are denied.

22. On or before October 10, 2019, Plaintiff started to receive unsolicited telephone calls from Defendant.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 22. To the extent a response is required, the allegations are denied.

23. These calls were made in an attempt to deliver energy savings to Plaintiff.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any

telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 23. To the extent a response is required, the allegations are denied.

24. On October 10, 2019, Plaintiff answered Defendant's call.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 24. To the extent a response is required, the allegations are denied.

25. Plaintiff experienced pause lasing several seconds and repeatedly said "hello" prior to being connected to Defendant.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 25. To the extent a response is required, the allegations are

denied.

26. Defendant asked to speak to "Edwin."

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 26. To the extent a response is required, the allegations are denied.

27. Plaintiff informed Defendant that she was not Edwin, nor did she know Edwin—before asking Defendant to stop calling.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 27. To the extent a response is required, the allegations are denied.

28. Defendant used caller ID spoofing to make it appear that these phone calls were placed from local numbers.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any

telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview denies that it uses "spoofing" technology to place any of its telephone calls. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 28. To the extent a response is required, the allegations are denied.

29. Defendant's unsolicited telemarketing phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

**ANSWER:** Clearview denies that it, or any entity authorized to act on its behalf, called Plaintiff on or before October 10, 2019. Furthermore, Clearview did not engage in any telemarketing campaign to new customers in Illinois during October of 2019; did not place, or authorize to place, a telephone call to anyone named Betsy Cruz during October of 2019; and did not place, or authorize to place, a telephone call to anyone in Illinois with a telephone number ending in 3272 in October of 2019. Clearview lacks sufficient information to respond to the remaining allegations in Paragraph 29. To the extent a response is required, the allegations are denied.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** Clearview expressly adopts and incorporates is answers to all paragraphs of this Complaint as if fully restated herein.

31.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

*All persons within the State of Illinois: (a) to whom Defendant and/or a third party acting on Defendant's behalf; made one or more non-emergency phone call(s); (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automated telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint through the date of class certification.*

**ANSWER:**    Paragraph 31 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

32.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest in their current or former employees, officers or directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**ANSWER:**    Paragraph 32 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

### A.    Numerosity:

33.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**ANSWER:**    Paragraph 33 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

34.     On information and belief, Defendant made phone calls to hundreds of customers who fall into the definition of the Putative Class.

**ANSWER:**    Clearview denies the allegations in Paragraph 34.

35. Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers to be gained in discovery.

**ANSWER:** Clearview denies the allegations in Paragraph 35.

### B. Commonality and Predominance

36. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

   i. Whether Defendant used an "automatic telephone dialing system" as defined by TCPA and applicable FCC regulations and orders;

   ii. Whether Defendant had prior express consent to contact Plaintiff and the members of the Putative Class when it placed, or caused to be placed phone calls to their cell phones using an automatic telephone dialing system;

   iii. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the Putative Class are entitled to treble damages.

**ANSWER:** Paragraph 36 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph and sub-paragraphs are denied.

### C. Typicality

37. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**ANSWER:** Paragraph 37 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

### D. Superiority and Manageability

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

**ANSWER:** Paragraph 38 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

39. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

**ANSWER:** Paragraph 39 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

**ANSWER:** Paragraph 40 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

41. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**ANSWER:** Paragraph 41 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

  **E. Adequate Representation**

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

**ANSWER:** Paragraph 42 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

43. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defense unique to Plaintiff.

**ANSWER:** Paragraph 43 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**ANSWER:** Paragraph 44 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Members of Putative Class)

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER:** Clearview expressly adopts and incorporates is answers to all paragraphs of this Complaint as if fully restated herein.

46. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

**ANSWER:** Paragraph 46 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

47. Under the TCPA Consent Rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

**ANSWER:** Paragraph 47 contains Plaintiff's description of the action, to which no response is

required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

    48. "Prior express *written* consent" is required for:

- All telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and

- All artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

**ANSWER:** Paragraph 48 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph and sub-paragraphs are denied.

    49. The TCPA Consent Rules define "prior express written consent" as "agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages be delivered."

**ANSWER:** Paragraph 49 contains Plaintiff's description of the action, to which no response is required. To the extent any response is required, the allegations and conclusions of law in this paragraph are denied.

    50. Defendant placed or caused to be placed non-emergency calls without the prior express consent of Plaintiff to Plaintiff's cellular telephone number ending in 3272 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

**ANSWER:** Clearview denies the allegations in Paragraph 50.

    51. Upon information and belief, based on the noticeable pause Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff.

**ANSWER:** Clearview denies the allegations in Paragraph 51.

    52. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

---

[1] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

**ANSWER:** Clearview denies the allegations in Paragraph 52.

53. Upon information and belief, the ATDS employed by Defendant has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

**ANSWER:** Clearview denies the allegations in Paragraph 53.

54. Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

**ANSWER:** Clearview denies the allegations in Paragraph 54.

55. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

**ANSWER:** Clearview denies the allegations in Paragraph 55.

56. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff and the members of the Putative Class entitled to receive up to $1,500,00 in treble damages for each such violation.

**ANSWER:** Clearview denies the allegations in Paragraph 56.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim for which Plaintiff is entitled to relief.

### Second Defense

Clearview is not liable to Plaintiff, in whole or in part, because Clearview did not call Plaintiff as required under the Telephone Consumer Protection Act.

### Third Defense

Clearview is not liable to Plaintiff because any calls that Plaintiff allegedly received were not "advertisements" or "telemarketing" by Clearview as defined by the Telephone Consumer Protection Act.

{File: 01891658.RTF / 2 }   14

**Fourth Defense**

Clearview is not liable to Plaintiff, in whole or in part, because Clearview has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed in the Telephone Consumer Protection Act.

**Fifth Defense**

Plaintiff lacks standing under Article III of the United States Constitution. Plaintiff cannot show a concrete or particularized injury in fact or any connection between any alleged injury and the conduct complained of in the Complaint.

**Sixth Defense**

To the extent Plaintiff suffered any concrete or particularized injury in fact or damages as alleged in the Complaint, which Clearview denies, and such injury or damages resulted from Plaintiff's contributory negligence and her own acts.

**Seventh Defense**

To the extent Plaintiff suffered any concrete or particularized injury in fact or damages as alleged in the Complaint, which Clearview denies, such injury or damages were the direct and proximate result of acts or omissions of persons other than Clearview.

**Eighth Defense**

Plaintiff's claim is barred to the extent that she was not charged for the alleged telephone call at issue in this matter.

**Ninth Defense**

Plaintiff's claim is barred, in whole or in part, because any award to Plaintiff would constitute unjust enrichment.

### Tenth Defense

Plaintiff is precluded from recovering from Clearview for a willful and knowing violation of the Telephone Consumer Protection Act because any such violation, which Clearview continues to deny, would not have been willful and knowing.

### Eleventh Defense

Plaintiff failed to mitigate her damages.

### Twelfth Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### Thirteenth Defense

This action cannot be maintained as a class action because the named Plaintiff and the Putative Class cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

### Fourteenth Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate Clearview's due process rights, including Clearview's right to present defenses on an individual level.

### Fifteenth Defense

This action cannot be maintained as a class action because Plaintiff seeks to certify a Putative Class that consists of members who lack Article III standing and have not suffered any concrete or particularized injury as a result of any act or omission by Clearview.

### Sixteenth Defense

The purported members of the alleged class seeking to assert a claim are not so numerous that joinder of all such members is impracticable, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

### Seventeenth Defense

Questions of law or fact common to any alleged members of a class do not predominate over such questions affecting individual members of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

### Eighteenth Defense

Claims of the individual Plaintiff are not typical of the claims of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

### Nineteenth Defense

The alleged representative Plaintiff will not adequately protect the interests of the purported class, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

### Twentieth Defense

A class action is not superior to other available methods for the fair and efficient adjudication of this controversy, and, accordingly, Plaintiff does not satisfy the necessary prerequisites for a class action under Federal Rule of Civil Procedure 23.

### Twenty-First Defense

Differences in the diverse circumstances and conditions which each prospective Plaintiff experienced as a result of any act or omission of the Defendant and the nature and extent of any losses each may or may not have sustained are so divergent that extreme difficulties will be encountered in the management of a class action. Accordingly, this action should not proceed as a class action pursuant to Federal Rule of Civil Procedure 23.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

Clearview denies that Plaintiff or the Putative Class are entitled to any relief, including that sought in the Prayer for Relief clause.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

No response is required to Plaintiff's demand for a trial by jury. To the extent that any response is required, Plaintiff's demand for a trial by jury is denied.

Any allegations in the Complaint that were not specifically admitted are also hereby denied.

## PRAYER FOR RELIEF

Clearview hereby requests judgment in its favor, together with attorneys' fees, costs, and any other relief that the Court deems just and proper.

Dated: November 8, 2019

Respectfully submitted,

Defendant,
CLEARVIEW ELECTRIC, INC.

/s/ Fred L. Alvarez
One of Its Attorneys

Fred L. Alvarez (#6202268)
Arthur J. McColgan (#6201619)
Neil E. Holmen (#1250027)
Matthew W. Casey (#6299254)
Walker Wilcox Matousek LLP
One N. Franklin Street, Suite 3200
Chicago, IL 60606
(312) 244-6700
(312) 244-6800 FAX
falvarez@walkerwilcox.com
amccolgan@walkerwilcox.com
nholmen@walkerwilcox.com
mcasey@walkerwilcox.com
**Attorneys for Defendant Clearview Electric, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, a copy of the foregoing document was filed electronically with the Court's CM/ECF system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

Dated: November 8, 2019                                         /s/ Fred L. Alvarez